UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE UPS STORE, INC.; UNITED PARCEL SERVICE, INC.; and UNITED PARCEL SERVICE OF AMERICA, INC.,<br><br>    Plaintiffs/Counterclaim-Defendants,<br><br>-v-<br><br>ROBERT HAGAN, *et al.*,<br><br>    Defendants/Counterclaimants<br><br>-v-<br><br>BRADLEY KAPLAN, *et al.*,<br><br>    Additional Counterclaim-Defendants. | Case No. 14-CV-1210 (WHP)<br><br>ECF Case |

## DECLARATION OF DAVID HILL

I, David Hill, under penalty of perjury, declare as follows:

1. I am a Process Manager at UPS, Inc. ("UPS"). I have been a Process Manager since April 2000. My current responsibilities as Process Manager include to oversee the collections of past due accounts and customer compliance with UPS payment terms. I have personal knowledge of all of the statements below.

2. UPS is an interstate carrier providing transportation and related services to shippers, including The UPS Store® centers.

3. UPS provides shipping services pursuant to the terms of Contract Carrier Agreements with The UPS Store® centers.

4. Defendants Ridge Assets, Inc., 3A, Inc., Ridgepac, Inc., Tanmor, Inc., Ridge Logistics LLC, Tommys Doc Squad LLC, Ridgedown, Inc., Robpac LLC, Ridge Pen LLC,

1

Tompack LLC, and Bigpack LLC (collectively, the "Hagan Franchisees") each entered into Contract Carrier Agreements with UPS. Those agreements were attached as Exhibit K, and incorporated by reference in, the Hagan Franchisees' Franchise Agreements with The UPS Store, Inc. ("TUPSS").

5. Under the terms of the Contract Carrier Agreements, UPS agreed to provide shipping services to the Hagan Franchisees.

6. At all times during which UPS and the Hagan Franchisees had a contractual relationship pursuant to the Contract Carrier Agreements, UPS provided shipping services to the Hagan Franchisees.

7. UPS sent the Hagan Franchisees weekly invoices detailing the amounts owed to UPS for shipping services.

8. The Hagan Franchisees stopped paying for UPS shipping services in mid-December 2013.

9. Notwithstanding their failure to pay, UPS continued to provide the Hagan Franchisees with shipping services.

10. When the Hagan Franchisees stopped paying UPS for shipping services in mid-December 2013, attorneys for UPS sent a letter to the Hagan Franchisees' attorney on January 28, 2014 stating that UPS was entitled to full payment of the amounts owed under the Contract Carrier Agreements but that UPS would continue to provide shipping services if the Hagan Franchisees paid UPS a total of $40,000 dollars by February 3, 2014. The January 28, 2014 letter further stated that if this payment was not made, UPS would suspend shipping services to the Hagan Franchisees.

11. The Hagan Franchisees failed to make any payment to UPS for amounts owed under the Contract Carrier Agreements on February 3, 2014.

12. UPS maintains invoices for the shipping services it provides to The UPS Store® centers—including those of the Hagan Franchisees—in the normal course of business.

13. Attached hereto as Exhibits 1 through 10 are true and correct copies of the invoices for shipping services from UPS to Defendant Ridge Assets, Inc. that remain unpaid.

14. Attached hereto as Exhibits 11 through 24 are true and correct copies of the invoices for shipping services from UPS to Defendant 3A, Inc. that remain unpaid.

15. Attached hereto as Exhibits 25 through 33 are true and correct copies of the invoices for shipping services from UPS to Defendant Ridgepac, Inc. that remain unpaid.

16. Attached hereto as Exhibits 34 through 43 are true and correct copies of the invoices for shipping services from UPS to Defendant Tanmor, Inc. that remain unpaid.

17. Attached hereto as Exhibits 44 through 53 are true and correct copies of the invoices for shipping services from UPS to Defendant Ridge Logistics LLC that remain unpaid.

18. Attached hereto as Exhibits 54 through 64 are true and correct copies of the invoices for shipping services from UPS to Defendant Tommys Doc Squad LLC that remain unpaid.

19. Attached hereto as Exhibits 65 through 75 are true and correct copies of the invoices for shipping services from UPS to Defendant Ridgedown, Inc. that remain unpaid.

20. Attached hereto as Exhibits 76 through 87 are true and correct copies of the invoices for shipping services from UPS to Defendant Robpack LLC that remain unpaid. Defendant Robpack LLC also received a $2.28 credit from UPS related to shipping services. A true and correct copy of the invoice reflecting this credit is attached hereto as Exhibit 88

21. Attached hereto as Exhibits 89 through 98 are true and correct copies of the invoices for shipping services from UPS to Defendant Ridge Pen LLC that remain unpaid. Defendant Ridge Pen LLC also received a $15.72 credit from UPS related to shipping services. A true and correct copy of the invoice reflecting this credit is attached hereto as Exhibit 99.

22. Attached hereto as Exhibits 100 through 109 are true and correct copies of the invoices for shipping services from UPS to Defendant Tompack LLC that remain unpaid.

23. Attached hereto as Exhibits 110 through 119 are true and correct copies of the invoices for shipping services from UPS to Defendant Bigpack LLC that remain unpaid.

24. On February 5, 2014, UPS exercised its right to terminate the Hagan Franchisees' Contract Carrier Agreements due to the Hagan Franchisees' failure to pay the amounts due under those contracts. Attorneys for UPS sent Defendants Thomas and Robert Hagan, as well as their attorney, letters notifying them that UPS terminated the Hagan Franchisees' Contract Carrier Agreements.

I, David Hill, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on October 20, 2015

_____
David Hill